### John Thompson *et al. vs.* Richard H. Goding.

*Creditor may relieve officer of duty of recording levy.*

The assignee of a judgment entrusted the plaintiff of record in the suit in which it was recovered with the execution for the purpose of having it extended upon the debtor's land, and paying the expenses of the levy. The agent, having the execution in his custody, delivered it to a deputy sheriff who made a levy and then, by direction of the judgment plaintiff, handed the execution to an attorney who promised to see that it was seasonably recorded, but failed to do so;—*held*, that the officer, and his principal, the sheriff, were not liable for neglect, in not procuring the record to be made within three months after the extent.

On motion for a new trial.

This action was brought against a recent sheriff of York county, for an alleged neglect of his deputy, in not leaving for

record with the register of deeds, within three months after the levy, an execution and extent made thereof by the deputy, whereby the plaintiffs lost the benefit of the levy.

The judgment, recovered by the nominal plaintiffs here against one Staples, was assigned to Wells & Eastman, who wrote a notice of this assignment to them upon the face of the execution and then entrusted it to Thompson to deliver to an officer for the purpose of making a levy of it. Mr. Thompson was to choose an appraiser, receive seizin and pay the expenses of the levy. Wells & Eastman denied giving him any authority beyond this. Thompson seasonably delivered the execution to the defendant's deputy and the levy was duly made, but it was not recorded in the registry of deeds, nor returned to the office of the clerk whence it issued, within the ensuing three months. The defendant claimed that the execution was handed to the officer by Mr. Guptill, an attorney at law; that this gentleman was then acting under employment by Thompson; that a special arrangement was made between these three, by which the deputy was paid but five dollars in full of what he had done, and that the recording was to be attended to by Guptill for the creditors. There was a conflict of testimony on this point, and whether Guptill was to have the recording done as the agent of Thompson, or of the officer, or at all. The officer swore that he did not notice the memorandum of the assignment upon the execution. The instruction given to the jury, upon these facts, to which the plaintiffs except, the verdict being against them, is found in the opinion.

*R. P. Tapley*, for the plaintiffs.

*M. A. Drew*, for the defendant.

WALTON, J. It is undoubtedly the duty of every officer making a levy on real estate by appraisal, to cause the execution and his return thereon to be recorded by the register of deeds of the county where the land lies, within three months after such levy. But this is a duty from the performance of which the creditor may

relieve the officer. And there was evidence in the case tending to show that the officer was thus relieved by one of the two judgment creditors. In reply to this it is said that the judgment had been assigned, and that the creditor who undertook to relieve the officer from the performance of this duty had no authority to do so.

Upon this point the presiding judge instructed the jury that "if the execution creditor was entrusted by the assignees of the judgment to procure the levy to be made, and pay the expenses of it, and to choose an appraiser and accept delivery of seizin, and no disclosure was made to the officer what the authority was, and there was a bargain or arrangement made between the creditor, Thompson, and the officer, or between Guptill (an attorney employed by Thompson) and the officer, in the presence of Thompson, and with his approval, that the execution and extent should be left for registry by Mr. Guptill for the creditors, and was not to be left by the officer or by Guptill for the officer, and the officer had no orders or notice to the contrary from the assignees, in such case the officer would not be liable for a neglect to make such delivery for record in the registry of deeds."

We think this ruling was correct. *Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.